**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO JAVIER LOZOYA-
RENTERIA,

    Defendant - Appellant.

No. 14-3167
(D.C. No. 2:12-CR-20066-KHV-JPO-49)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Under the Sentencing Guidelines, a district court can enhance a sentence if the defendant was a manager or supervisor of specified criminal activities. Following a conviction on drug conspiracy charges, the government invoked this provision by presenting evidence that the defendant had used a courier to accept payment and deliver drugs. Following presentation of this evidence, the district

---

[*] The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

court enhanced the sentence, finding that the defendant was a manager or supervisor of the drug conspiracy. The defendant appeals, contending that the court's finding was clearly erroneous. We affirm.

Under Sentencing Guideline § 3B1.1(b), the court can increase the base offense level by three levels when

- the defendant was a manager or supervisor and

- the criminal activity involved at least five participants or was otherwise extensive.

U.S. Sentencing Guidelines Manual § 3B1.1(b) (U.S. Sentencing Comm'n 2012). The defendant does not question the participation of five or more individuals, but argues that he was not a manager or supervisor.

To assess this argument, we apply the clear-error standard of review. *United States v. Lora-Solano*, 330 F.3d 1288, 1295 (10th Cir. 2003). In applying this standard, we view the evidence in the light most favorable to the district court's finding. *United States v. Mozee*, 405 F.3d 1083, 1088 (10th Cir. 2005). Viewing the evidence in this light, we can reverse only if the finding lacks any factual support or we are "left with a definite and firm conviction that a mistake has been made." *United States v. Shippley*, 690 F.3d 1192, 1199 (10th Cir. 2012) (quoting *United States v. Mullins*, 613 F.3d 1273, 1292 (10th Cir. 2010)). We conclude that the court's finding was supportable under the evidence.

The court could consider the defendant a "supervisor" if he exercised some control over others or bore responsibility for organizing others to carry out the drug conspiracy. *United States v. Allemand*, 34 F.3d 923, 931 (10th Cir. 1994). This definition allows an enhancement even if the defendant supervised only one participant. *United States v. Cruz Camancho*, 137 F.3d 1220, 1224 (10th Cir. 1998). Under this definition, the district court could consider the defendant a "supervisor."

At the sentencing hearing, the government presented testimony by Mr. Carlos Adame-Saenz and Mr. Eric Jones. From this testimony, the court could infer that the defendant used at least one underling to sell large quantities of drugs.

Mr. Adame-Saenz testified that he had bought drugs from the defendant, sometimes obtaining delivery from a man nicknamed "El Bom-Bon." According to Mr. Adame-Saenz, he once paid for his purchase from the defendant by giving the money to El Bom-Bon.

Mr. Eric Jones was a police officer participating in the investigation. Officer Jones testified that the defendant had listed his expenses in a drug ledger, which included $200 to El Bom-Bon. According to Officer Jones, this expense matched Mr. Adame-Saenz's testimony about El Bom-Bon's drug deliveries on behalf of the defendant.

In light of the testimony of Mr. Adame-Saenz and Mr. Jones, the district court could reasonably infer that the defendant exercised some control over El Bom-Bon.[1] The defendant argues that

- El Bom-Bon might simply have been delivering the drugs as a favor, and

- the notation of $200 in the ledger might have been for something else.

The defendant's speculation may be correct, but we must view the evidence in the light most favorable to the district court's finding. *See* p. 2, above. Viewing the evidence in this light, we conclude that the district court did not clearly err in applying the three-level enhancement. As a result, we affirm the sentence.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] The government also argues that the defendant (1) managed or supervised others, and (2) exercised management responsibility over the criminal organization's activities by keeping detailed drug ledgers. We need not decide address the government's additional arguments in light of our conclusion regarding supervision over El Bom-Bon.